**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---------------------------------------------------------------x

KUN DUAN,
*on behalf of himself and others similarly situated,*
Plaintiff,

v.

GREAT GARDEN BUFFET INC
d/b/a East Garden Buffet, and
BICAI WU
a/k/a Bi Cai Wu
a/k/a Bical Wu
a/k/a Steven Wu,
Defendants.

---------------------------------------------------------------x

Case No.

**29 U.S.C. § 216(b) COLLECTIVE AND FED. R. CIV. P. 23 CLASS ACTION**
**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff KUN DUAN (hereinafter "Duan" or "Plaintiff), by and through his attorneys, Troy Law, PLLC, hereby brings this Complaint against Defendants GREAT GARDEN BUFFET INC d/b/a East Garden Buffet (hereinafter "Corporate Defendant" or "East Garden"), and BICAI WU a/k/a Bi Cai Wu a/k/a Bical Wu a/k/a Steven Wu (hereinafter "Individual Defendant" or "Wu;" hereinafter collectively with Corporate Defendant, "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action, on behalf of himself and other similarly situated employees of Defendants' restaurant "East Garden Buffet," located at 6038 Kalamazoo Avenue Southeast, Grand Rapids, MI 49508, against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Michigan's Workforce Opportunity Wage Act ("WOWA"), M.C.L. §§ 408.411–408.424, and Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §§ 408.931–408.945, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Plaintiff alleges pursuant to FLSA, 29 U.S.C. §§ 207(a)(1), 216(b) that he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages equal to unpaid overtime wages, or prejudgment interest thereon; (3) post-judgment interest; and (5) reasonable attorneys' fees and costs.
3. Plaintiff alleges pursuant to WOWA and IWOWA, M.C.L. §§ 408.414a, 408.419(1)(a), 408.934a, 408.939(1)(a), that he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages equal to unpaid overtime wages, or prejudgment interest thereon; (3) post-judgment interest; and (5) reasonable attorneys' fees and costs.

**JURISDICTION & VENUE**

4. The court has subject matter jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. As set forth more fully below, Corporate Defendant operated a covered enterprise under the FLSA, inasmuch as it engaged in interstate and/or foreign commerce, had more than $500,000.00 in gross annual revenue during the relevant period, and Plaintiff and other employees handled goods that had been moved in commerce; and Individual Defendant was Plaintiff's employer jointly with Corporate Defendant.
5. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391, because Defendants reside and conduct business in the Western District of Michigan, and because the acts and omissions giving rise to the claims alleged herein took place within the Western District of Michigan.

**PLAINTIFF**

6. Duan is a resident of Queens, New York.
7. Duan was employed by Defendants to work as a stir-fry cook's (also known as a "fry wok's") assistant East Garden Buffet from on or about November 22, 2024 through on or about July 26, 2025.

## DEFENDANTS

***GREAT GARDEN BUFFET INC***

8. Corporate Defendant is a domestic profit corporation organized under the laws of the State of Michigan with a registered office, registered address for service of process, and principal place of business at 6038 Kalamazoo Avenue Southeast, Grand Rapids, MI 49508, where it operates "East Garden Buffet."

9. Corporate Defendant was, throughout the period relevant to this lawsuit, a business with gross annual revenue in excess of five hundred thousand dollars ($500,000.00) per year.

10. During the period relevant to this lawsuit, East Garden Buffet had gross revenue between about one hundred twenty thousand dollars ($120,000.00) and one hundred fifty thousand dollars ($150,000.00) per month, amounting to on average about one hundred thirty-five thousand dollars ($135,000.00) per month, amounting to about one million six hundred twenty-thousand dollars ($1,620,000.00) per year.

11. Further, during the period relevant to this lawsuit, East Garden Buffet employed about ten (10) employees—five (5) back-of-the-house employees, and five (5) front-of-house employees—at any one time. Upon information and belief, back-of-house employees were paid salaries amounting to about four thousand five hundred dollars ($4,500.00) per month, and front-of-house employees were paid salaries amounting to about four thousand dollars ($4,000.00) per month (pay computation explained more fully *infra*). Accordingly, Plaintiff estimates that Defendants' labor costs amounted about five hundred ten thousand dollars ($510,000.00) per year. And in order to stay in business, upon information and belief, East Garden Buffet's gross annual revenue was higher than that.

12. East Garden Buffet was, throughout the period relevant to this lawsuit, a business engaged in interstate or foreign commerce, including in ingredients for various dishes, whose

employees, including Duan, handled goods moved in commerce, including ingredients and cleaning supplies.

***BICAI WU***

13. Upon information and belief, Wu is a resident of Kent County, Michigan.
14. At all times relevant to this lawsuit, Wu was the sole Director and sole officer (being the President, Secretary, and Treasurer) of Corporate Defendant.
15. As the sole Director and sole officer of Corporate Defendant, Wu had at all times relevant to this lawsuit the authority to hire and fire employees of East Garden Buffet.
16. At all times relevant to this lawsuit, Wu controlled the work schedules and conditions of employment of East Garden Buffet employees, including Plaintiff.
17. At all times relevant to this lawsuit, Wu decided the operating hours of East Garden Buffet, decided at what times of day Plaintiff's and other East Garden Buffet employees' shifts would begin and end, and decided what days of the week Plaintiff and other East Garden Buffet employees would work.
18. At all times relevant to this lawsuit, Wu housed Plaintiff and other employees of East Garden Buffet in his home, and rousted them up to go to work each morning so they would arrive by their scheduled shift-start time.
19. At all times relevant to this lawsuit, Wu determined the rates and methods of payment of Plaintiff and other employees of East Garden Buffet.
20. At all times relevant to this lawsuit, Wu paid Plaintiff and other employees of East Garden Buffet in cash.
21. At all times relevant to this lawsuit, Wu kept and maintained such records required to be kept and maintained under 29 C.F.R. § 516.2(a) as were kept and maintained for East Garden Buffet.

22. Upon information and belief, it cost Wu about three hundred dollars ($300.00) per employee per month to house employees of East Garden Buffet.

23. At all times relevant to this lawsuit, Wu was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and M.C.L. §§ 408.412(d) and 408.932(d).

## STATEMENT OF FACTS

***DEFENDANTS' COMPLAINED-OF ACTS AND OMISSIONS WERE WILLFUL***

24. Defendants' wage-handling and other employment practices were marked by a persistent knowledge, or reckless disregard, that their conduct violated the FLSA, WOWA, and IWOWA.

25. Individual Defendant, individually and on behalf of Corporate Defendant, committed the following acts willfully, intentionally, maliciously, and in bad faith.

26. Defendants have been operating "East Garden Buffet" since on or about March 16, 2023.

27. At all relevant times, Individual Defendant knew, or ought to have known, that the practices complained of herein were unlawful under the FLSA.

28. At all relevant times, Defendants took no steps to comply with the dictates of the FLSA, but took steps to obscure their non-compliance with the FLSA from their employees and regulators.

29. At all relevant times, Defendants failed to furnish statements required by to M.C.L. §§ 408.417 and 408.937 on Plaintiff and other employees, in a bid to frustrate the Legislature's policy of ensuring that employees had sufficient knowledge and information to understand their rights and advocate for themselves.

30. At all relevant times, Defendants failed to post notices required by 29 C.F.R. § 516.4 and M.C.L. §§ 408.417, 408.937 on East Garden Buffet's premises, in a bid to frustrate the

Congress's and the Legislature's policies of ensuring that employees had sufficient knowledge and information to understand their rights and advocate for themselves.

31. At all relevant times, Defendants failed to keep and maintain records of Plaintiff's and other employees' working time required by 29 U.S.C. § 211(C) and 29 C.F.R. § 516.2(a), in a bid to frustrate Congress's and the Legislature's policies of ensuring that employers comply with the minimum-wage and overtime provisions of the FLSA.

***KUN DUAN***

32. Duan was employed by Defendants to work as a stir-fry cook's (also known as a "fry wok's") assistant East Garden Buffet from on or about November 22, 2024 through on or about July 26, 2025.

33. Duan was a manual worker not exempt from the overtime pay provisions of the FLSA, and in particular was not an executive or a creative professional.

34. Duan's primary duty was helping the stir-fry cook/"fry wok" cook dishes.

35. Duan did not have authority to hire, promote, discipline, or fire other employees, and did not make recommendations to Defendants about the hiring, promotion, disciplining, or firing of other employees, that were given particular weight or otherwise.

36. Each workweek during his employment from on or about November 22, 2024 through on or about July 24, 2025, Duan regularly worked about sixty-six hours and thirty minutes (66.50 hours) per week: from about 10:15 AM through about 10:00 PM on Fridays and Saturdays; and from about 10:15 AM through about 9:00 PM on Sundays through Wednesdays;.

37. The last workweek of his employment, from on or about July 25, 2025 through on or about July 31, 2025, Duan worked about twenty-three hours and thirty minutes (23.50 hours):

from about 10:15 AM through about 9:00 PM on Mondays through Wednesdays; from about 10:15 AM through about 10:00 PM on Friday and Saturday.

38. At all relevant times, East Garden Buffet's operating hours, when it was open to serve members of the public, were: from 11:00 AM through 9:00 PM on Mondays through Thursdays; from 11:00 AM through 10:00 PM on Fridays and Saturdays; and from 11:00 AM through 9:00 PM on Sundays.

39. Throughout his employment, Duan would regularly leave Wu's home, with Wu, in Wu's vehicle, at about 10:00 AM each working day, arrive at East Garden Buffet between about 10:10 AM and about 10:15 AM, and start working at about 10:15 AM helping to prepare the first batch of dishes to stock East Garden Buffet's buffet in time for opening at 11:00 AM.

40. Throughout his employment, Duan would spend all day, from about 10:15 AM through about either 10:00 PM (on Fridays and Saturdays) or 9:00 PM (on other workdays), helping to prepare dishes to stock East Garden Buffet's buffet and doing allied tasks in the kitchen (*e.g.*, cleaning, stocking, ingredient preparation).

41. Notwithstanding any momentary lulls in business during the working day, Duan was on call to work at all times during the working day and was not relieved from work at any time during the working day.

42. During momentary lulls in business during the working day, Duan was able to eat about three (3) quick meals of about ten (10) to fifteen (15) minutes each, which were subject to interruption if he was needed at his work station, and as such did not amount to *bona fide* meal periods under 29 C.F.R. § 785.19.

43. Throughout his employment, Duan was compensated as follows: Wu set his base salary at four thousand five hundred dollars ($4,500.00) per month, intended to compensate Duan for twenty-six (26) workdays per month; at the end of the month, Wu would divide four thousand five hundred dollars ($4,500.00) per month by twenty-six (26) workdays per month, round the result obtained to the nearest dollar, multiply the result obtained by Duan's actual days worked per month, and pay Duan the final result thus obtained in cash.

44. This amounted to an effective daily salary of one hundred seventy-three dollars ($173.00) per day.

45. Additionally, throughout his employment, Duan received employer-provided lodging worth about three hundred dollars ($300.00) per month.

46. Pursuant to 29 C.F.R. §§ 778.112, 778.113(a) and (b), and 778.116, each workweek during his employment from on or about November 22, 2024 through on or about July 24, 2025, Duan's daily salary and monthly lodging amounted to a regular hourly wage, paid for each of his working hours, of sixteen dollars and sixty-five cents ($16.65) per hour.

47. Pursuant to 29 C.F.R. §§ 778.112, 778.113(a) and (b), and 778.116, the last workweek of his employment, from on or about July 25, 2025 through on or about July 31, 2025, Duan's daily salary and monthly lodging amounted to a regular hourly wage, paid for each of his working hours, of seventeen dollars and sixty-seven cents ($17.67) per hour.

48. From on or about November 22, 2024 through on or about July 24, 2025, Defendants did not pay Duan an additional one-half times (1/2x) his regular hourly wage for any of his twenty-six hours and thirty minutes (25.50) of overtime each week.

**COLLECTIVE ALLEGATIONS**

49. Plaintiff brings his FLSA claim individually and on behalf of all current and former non-exempt workers employed by Defendants at East Garden Buffet over the three (3) years

preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

## CLASS ALLEGATIONS

50. Plaintiff brings his WOWA/IWOWA claim individually and on behalf of all current and former non-exempt workers employed by Defendants at East Garden Buffet over the three (3) years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

51. The Class members are readily ascertainable and the class members number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from defendants' records. Notice can be provided by means permissible under Rule 23.

***NUMEROSITY***

52. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

53. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

***COMMONALITY***

54. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class Members within the meaning of the WOWA and IWOWA; (2) whether the Class members were paid overtime for all their overtime hours worked; and (3) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

***TYPICALITY***

55. Plaintiff's claims are typical of those claims which could be alleged by any Class members, and the relief sought is typical of the relief that would be sought by any Class members in a separate action.

56. Defendants' policy and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

57. Plaintiff and the other Class members sustained similar loses, injuries, and damages arising from the same unlawful policy and practice.

***ADEQUACY***

58. Plaintiff is fairly and adequately able to protect the interest of the Class and has no interest antagonistic to the Class.

59. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigation.

***SUPERIORITY***

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particular in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

61. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single from simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

62. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

63. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

64. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

65. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

66. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

67. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

68. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### VIOLATION OF 29 U.S.C. § 207(a)(1)—FAILURE TO PAY OVERTIME

**BROUGHT BY PLAINTIFF, ON BEHALF OF HIMSELF AND THE COLLECTIVE, AGAINST DEFENDANTS**

69. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein.

70. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

71. From on or about November 22, 2024 through on or about July 24, 2025, Defendants did not pay Duan an additional one-half times (1/2x) his regular hourly wage for any of his twenty-six hours and thirty minutes (25.50) of overtime each week.

72. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

73. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiff overtime.

**COUNT II.**
**VIOLATION OF M.C.L. §§ 408.414A, 408.934A—FAILURE TO PAY OVERTIME BROUGHT BY PLAINTIFF, ON BEHALF OF HIMSELF AND THE CLASS, AGAINST DEFENDANTS**

74. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein.

75. Both Section 408.141A of the WOWA and 408.934A of the IWOWA provide that, subject to exemptions not applicable to this case, "an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."

76. From on or about November 22, 2024 through on or about July 24, 2025, Defendants did not pay Duan an additional one-half times (1/2x) his regular hourly wage for any of his twenty-six hours and thirty minutes (25.50) of overtime each week.

77. Both Section 408.419 of the WOWA and Section 408.939(1) of the IWOWA provide that "[i]f an employer violates this act, the employee affected by the violation, at any time within 3 years, may… (a) [b]ring a civil action for the recovery of the difference between the amount paid and the amount that, but for the violation, would have been paid the employee under this act and an equal additional amount as liquidated damages together with costs and reasonable attorney fees as are allowed by the court."

78. Defendants knowingly, willfully, and maliciously disregarded the provisions of the WOWA and IWOWA by failing to pay Plaintiff overtime.

## DEMAND FOR TRIAL BY JURY

79. Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of others similarly situated, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all members of the Collective. Such

notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA, WOWA, and IWOWA;

C. An injunction against Corporate Defendant, its members, managers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, including but not limited to the Individual Defendant, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid overtime, and either liquidated damages equal to unpaid overtime or prejudgment interest on unpaid overtime, due to Plaintiff and any applicable opt-ins under FLSA;

E. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Class under WOWA and IWOWA;

F. An award of post-judgment interest;

G. An award of reasonable attorneys' fees and costs under the FLSA or WOWA and IWOWA; and

H. Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
August 27, 2026

TROY LAW, PLLC

*/s/ Tiffany Troy*

Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355

Phone (718) 762-1324
Fax (718) 762-1342
troylaw@troypllc.com
*Attorney for Plaintiff*